ALLEN, Commissioner of Patents, *v.* THE UNITED STATES EX REL. THE REGINA MUSIC BOX COMPANY.

---

MANDAMUS; LABELS, REGISTRATION OF.

Where the Commissioner of Patents denies an application for registration of a label on the ground that it is not descriptive of the article for which it is used, and therefore not registerable under the act of Congress of June 18, 1874 (18 Stat. at L. 78, chap. 301, U. S. Comp. Stat. 1901, p. 3411), this court has no power to review his decision by mandamus, his duty under the statute not requiring the performance of a mere ministerial act, but requiring a determination by him of whether the thing presented for registration was or was not a label as defined by the statutes.

No. 1282.    Submitted May 5, 1903.    Decided June 25, 1903.

HEARING on an appeal by the respondent, the Commissioner

of Patents, from a judgment of the Supreme Court of the District of Columbia ordering the writ of mandamus to issue against the respondent, directing him to register a label in the Patent Office. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. John M. Coit* for the appellant, the Commissioner of Patents.

*Mr. Antonio Knauth* and *Mr. Fritz V. Briesen* for the appellee.

Mr. Justice Sʜᴇᴘᴀʀᴅ delivered the opinion of the Court:

This is an appeal by the Commissioner of Patents from a judgment ordering a writ of mandamus to issue to him commanding the registration of a label.

The application for registration was presented by the Regina Music Box Company on April 5, 1902.

The label is rectangular in outline and shows an ornamental design surrounding a blank space, oval in form, in which appears the word "Regina," printed in large letters. In the accompanying description it is declared to be "a label to be used for music boxes;" but there is nothing on the face of the representation itself to indicate a limitation to that particular use.

Section 3 of the act of Congress of June 18, 1874, under which registration was demanded, reads as follows:

"Sec. 3. That in the construction of this act the words 'engraving,' 'cut,' and 'print' shall be applied only to pictorial illustrations or works connected with the fine arts, and no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the Patent Office. And the Commissioner of Patents is hereby charged with the supervision and control of the entry or registry of such prints or labels, in conformity with the regulations provided by law as to copyright of prints, except that there

shall be paid for recording the title of any print or label, not a trademark, six dollars, which shall cover the expense of furnishing a copy of the record, under the seal of the Commissioner of Patents, to the party entering the same."

The examiner of trademarks, to whom the application was referred in the first instance, was of the opinion that the representation was not a label within the meaning of the statute, because not descriptive of the article upon which it was intended to be used, and, therefore, denied its registration. His decision was twice repeated thereafter, and appeal was then taken to the Commissioner of Patents. The latter agreed with the examiner that the representation was not a label, but was of the nature of a trademark, and affirmed his decision. The petition for mandamus was then filed.

The grounds of the Commissioner's decision are clearly set forth therein, from which we make the following extract:

"The word 'label' itself necessarily implies that it is descriptive of the article to which it is applied, and this office has held that a print or label cannot be held to be 'for any other article of manufacture,' within the meaning of the statute, unless it indicates that article. *Ex parte Moodie,* 28 Off. Gaz. 1271; *Ex parte Muhn,* 82 Off. Gaz. 1210; *Ex parte Barnhart Bros.* 87 Off. Gaz. 2118; *Ex parte Ball,* 98 Off. Gaz. 2366. The indication must be in the print or label itself, and not merely in a statement made by the applicant accompanying it. The print or label is the thing which is registered, and its registrability must be determined by its intrinsic qualities, and not by some possible or contemplated use of it. All of the pictures registered by the librarian of Congress and the arbitrary designs patented under the design law might be applied to china or other articles as ornamentatious thereof; but a mere statement by the applicant that he intended to use them would clearly not warrant this office in registering them as labels for the articles mentioned. If such a statement of use by the applicant were permitted to determine whether the alleged print or label should be registered in this office or in the library of Congress, the dis-

tinction attempted to be drawn by Congress between the two classes of artistic productions would be nullified.

"It must be held that a label to be registrable in this office must not only possess artistic merit, but must be descriptive of the article for which it is used.

"The alleged label in this case is said by the applicant to be used for music boxes; but the label itself does not indicate this. It is merely an arbitrary ornamental design having the word 'Regina' thereon, and might very appropriately be used as a trademark for various articles."

We are not prepared to say that the statute imposing the duty in this case requires the performance of a simple, ministerial act, and is so plain in its terms as to admit of no room for construction. The Commissioner was called upon to decide whether the thing presented for registration was or was not a label as defined by the statute.

The foregoing extract from his opinion clearly shows that the duty of interpretation was not raised as an excuse for his action. As declared in the latest expression of the Supreme Court of the United States on this subject: "Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction." *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. ed. 1074, 23 Sup. Ct. Rep. 698.

Without further discussion, the judgment will be reversed, with costs, and the cause remanded, with direction to dismiss the petition. It is so ordered.                    *Reversed.*